Louis L. Chodoff (No. 037281988)
Monica T. Nugent (No. 238252017)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone: 856.761.3400
Facsimile: 856.761.1020
*Attorneys for Defendant Choice Hotels International Services Corp.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEERAV DUDHWALA, <br><br> *Plaintiff*, <br><br> v. <br><br> CHOICE HOTELS INTERNATIONAL SERVICES CORPORATION D/B/A CHOICE HOTELS, and JOHN DOES I-X (being a number yet undetermined and being persons or corporations, whose identities are unknown), <br><br> *Defendants*. | : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : NO. <br> : <br> : <br> : <br> : <br> : <br> : |

### **NOTICE OF REMOVAL**

Defendant Choice Hotels International Services Corp. (improperly plead as Choice Hotels International Services Corporation d/b/a Choice Hotels) ("Choice Hotels"), by and through its undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey (Newark Vicinage), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.*, based upon the following grounds.

## BACKGROUND

1. On January 19, 2022, Plaintiff Neerav Dudhwala ("Plaintiff") filed a Complaint against Choice Hotels in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-000114-22 (the "State Court Action").

2. Choice Hotels has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached hereto as Exhibit A are true and correct copies of the Complaint, Case Information Statement, Track Assignment Notice, and Notice of Appearance of Plaintiff's Counsel. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

## TIMELINESS OF REMOVAL

4. Choice Hotels was served with the Complaint on January 26, 2022.

5. The removal of this action is timely because it was accomplished within thirty (30) days of the date on which Plaintiff served Choice Hotels with a copy of the Complaint. 28 U.S.C. § 1446(b).

## JURISDICTIONAL BASIS FOR REMOVAL

6. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all properly joined parties and the alleged amount in controversy exceeds $75,000, exclusive of interests and costs. This case is, therefore, removable under 28 U.S.C. § 1441(a).

### Diversity of Citizenship

7. In his Complaint, Plaintiff avers that he is a resident of New Jersey and is thus a citizen of New Jersey for the purposes of determining diversity jurisdiction. *See* Exhibit A, Compl.

8. Under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d. Cir. 2018) ("[t]he citizenship of a corporation is both its state of incorporation and the state of its principal place of business").

9. Choice Hotels is a citizen of Delaware because it is incorporated in Delaware. Choice Hotels is also a citizen of Maryland because its principal place of business is in Maryland.

10. A defendant utilizing diversity for removal must show that complete diversity existed both at the time of removal and at the time the action was filed in state court. *Stellwagen v. ChemLawn Servs. Corp.*, 1993 U.S. Dist. LEXIS 210, at *2 (E.D. Pa. Jan. 11, 1993); *Fiorentino v. Huntingside Assoc.*, 679 F. Supp. 3 (E.D. Pa. 1987) (*citing Kerstetter v. Ohio Casualty Ins. Co.*, 496 F. Supp. 1305 (E.D. Pa. 1980)).

11. As of the filing and the removal of this action, Plaintiff averred that he was a citizen of New Jersey, and Choice Hotels was a citizen of Delaware and/or Maryland.

12. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

## Amount in Controversy

13. In his Complaint, Plaintiff seeks an array of damages including back pay, front pay, punitive damages, reasonable attorneys' fees and costs, and any other relief the Court deems equitable and just. *See* Exhibit A, Compl. at *ad damnum* clause following Count I.

14. Plaintiff does not plead a specific amount of monetary damages. *Id*.; *see also* N.J. Ct. R. 4:5-2.

15. However, in support of his claims for damages, Plaintiff alleges that he has suffered and continues to suffer substantial losses of income, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses. *See* Exhibit A, ¶¶ 32.

16. Moreover, Plaintiff claims he was compensated for his position with a salary of approximately $165,000 per year, a management incentive plan, and other fringe benefits. *Id*. at ¶ 5.

17. Plaintiff also makes a claim for punitive damages and attorneys' fees in addition to compensatory damages. *Raspa v. Home Depot*, 533 F.Supp. 2d 514, 522 (D.N.J. 2007) (finding punitive damages and attorneys' fees claim sufficient to meet amount in controversy, as attorney's fees claims "alone" can exceed six figures). *See also, e.g.*, *Zanger v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 105028, at *10 (D.N.J. Oct. 1, 2010) (finding claims for attorneys' fees and punitive damages are, to the extent asserted, presumed to satisfy the amount in controversy requirement); *Andrews v. Home Depot U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 138516, at *7 (D.N.J. Dec. 29, 2010) (finding plaintiff's claim for compensatory and punitive damages and attorneys' fees more than satisfied the amount in controversy requirement for removal).

18. As specified in 28 U.S.C. § §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and simply must comport with the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014). Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id*.

19. Based on the allegations of the Complaint, it is plausible to assert that the amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000).

20. Accordingly, Choice Hotels is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

21. The Superior Court of New Jersey, Law Division, Morris County, is located within the District of New Jersey (Newark Vicinage). Therefore, venue in this Court is proper because the State Court Action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a), *See also generally*, Exhibit A.

## MISCELLANEOUS ISSUES

22. Written notice of the filing of this Notice of Removal is being forwarded to Plaintiff's counsel as well as to the Clerk of the Court for the Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1441(d). *See* Exhibit B, Notice of Filing of Notice of Removal (without exhibits).

23. By filing this Notice of Removal, Choice Hotels does not waive any defense that may be available to it and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE,** Defendant Choice Hotels International Services Corp. (improperly plead as Choice Hotels International Services Corporation d/b/a Choice Hotels) hereby removes the above-captioned action currently pending in the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court of the District of New Jersey, Newark Division,

and respectfully requests that this Court assume full jurisdiction over this cause of action as provided for by law.

          Respectfully submitted,

*/s/ Louis L. Chodoff*
Louis L. Chodoff (No. 037281988)
Monica T. Nugent (No. 238252017)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone:  (856) 761-3400

*Attorneys for Defendant Choice Hotels International Services Corp.*

Date:  February 17, 2022