# EXHIBIT A

**FRED SHAHROOZ SCAMPATO, ESQ.**
Attorney ID: 020811991
**LAW OFFICES OF SHAHROOZ SCAMPATO, P.C.**
445 East Broad Street
Westfield, New Jersey 07090
Ph. (908) 301-9095

Leslie A. Farber, Esq.
Attorney ID: 019041991
**LESLIE A. FARBER, LLC**
8 Hillside Avenue, Suite 103
Montclair, New Jersey 07042
Ph. (973) 707-3322
Email: LFarber@LFarberLaw.com
Attorneys for Plaintiff

| | |
|---|---|
| **NEERAV DUDHWALA,**<br><br>                            *Plaintiff,*<br><br>               v.<br><br>**CHOICE HOTELS INTERNATIONAL SERVICES CORPORATION D/B/A CHOICE HOTELS, and JOHN DOES I - X (being a number yet undetermined and being persons or corporations, whose identities are unknown),**<br><br>                            *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiff, Neerav Dudhwala, residing in Rockaway, New Jersey, County of Morris, State of New Jersey, by way of complaint against the defendants, says:

### FACTS COMMON TO ALL COUNTS

1.  Defendant Choice Hotels International Services Corporation D/B/A Choice Hotels ("Choice Hotels"), is a Maryland company that maintains its headquarters at 1 Choice Hotels Circle, Rockville, Maryland. The company is engaged in the hospitality industry throughout the United States and globally.

2. Choice Hotels conducts business throughout New Jersey, including Newark, Esses County, New Jersey. Thus, venue is properly laid in Essex County.

3. On October 12, 2020, Mr. Neerav Dudhwala ("Dudhwala") was hired by Choice Hotels and supervised by Janis Cannon, Senior Vice President, Cambria & Descend for the position of Head of Ascend Collection, Director. His start date was November 2, 2020.

4. Plaintiff Dudhwala's job duties as Head of Ascend Hotel Collection included developing plans to grow the number of hotels in the US/Caribbean via the Openings Process and Franchise Development team; developing plans to grow revenue and quality performance of existing hotels in the system; manage relationship wing the Franchise Advisory Board; help create content and speak at Ascend/Upscale meetings within the organization and with franchisees; represent the Ascend Brand in the Choice matrix, from Finance, Quality, Technology Systems, Franchise Services, Openings, Franchise Development, Sourcing, etc.; develop an overall Long Term Strategy as growth of the Ascend Brand was a key pillar of over Choice Hotels Goals.

5. Mr. Dudhwala was compensated for his position with a salary of approximately $165,000.00/year, a management incentive plan, and other fringe benefits.

6. Throughout plaintiff's employment, Mr. Dudhwala always met the reasonable expectations of his employer. He had never been disciplined and was considered a valuable employee.

7. Defendant, Choice Hotels, included in plaintiff's offer letter a requirement that he move to Rockville, Maryland, by or before August 31, 2021.

8. On or about April 13, 2021, plaintiff's supervisor, Janis Cannon, asked him how his relocation was going.

9. Plaintiff responded by stating that Rockville had a difficult housing market and that he was still looking for both an affordable house on the market and one which would adequately

fit a family of four. He also advised Ms. Cannon that he was still on target to relocate by August 31, 2021, by renting space from his sister. He advised that his family could possibly move at a later date. Ms. Cannon expressed concern that he was not moving the family and was violating the term of his offer letter. She advised that she would have Human Resources set up a call with him.

10. On May 7, 2021, plaintiff attended a Zoom video meeting with Human Resources Director, Beth McMahon. Plaintiff relayed his relocation plan of establishing nearby residence by renting space from his sister who lived 20 miles away in Virginia.

11. Beth McMahon expressed concern that he was violating the relocation terms as his family were also required to relocate by August 31. During the meeting Ms. McMahon asked him how long it would take to relocate his family. He replied that he was unsure with the present housing market but that he would be relocating by the August 31, 2021 date. Ms. McMahon advised him that she would touch base with the legal department and follow up with her.

12. On or about May 13, 2021, plaintiff ran into Janis Cannon at defendant's Rockville, Maryland, location. Ms. Cannon expressed her irritation of plaintiff not seeking permission for plaintiff to rent from his sister and have his family move at a later date. She communicated to him that he was doing a great job and that he was a perfect fit for his position, but because of his failure to relocate his family, she was concerned about his commitment to the company. She said she would set up a zoom call between herself, plaintiff, and Beth McMahon from HR.

13. On May 20, 2021, plaintiff, Ms. Cannon and HR Beth McMahon hold a zoom meeting. During that meeting, Beth stated that plaintiff's relocation plan did not meet the terms of the offer letter. Plaintiff contends otherwise and notes that the offer letter makes no mention of his family. It only stated that he was required to relocate to the area. Ms. Cannon and Ms. McMahon respond by both stating that they questioned plaintiff's commitment to the company.

3

14. In June of 2021, defendant Choice Hotels introduced a company hybrid office model which allowed some weeks to be done by working remotely from home. This program was for employees who were already Rockville, MD, based. Plaintiff's relocation date was not until the end of August, so plaintiff's presence in the office during this time was a further example of his commitment to the company and his actively seeking ways to accommodate his employer.

15. Plaintiff set up a Zoom meeting with his supervisor Janis Cannon to discuss the summer office schedule. To his surprise, Ms. Cannon was unhappy that plaintiff was only going to be in the office for three of the first five weeks, even though the purpose of this model was to allow employees to work remotely. She continued to express concerns about plaintiff's commitment to work for the company.

16. On June 8, 2021, plaintiff attended an in-person meeting with Janis Cannon and Beth McMahon. HR director McMahon started the conversation by stating that plaintiff was doing great work in his position and that they wanted to work with him offering him another month extension to relocate. However, it would be necessary for him to relocate to Maryland at the same time as his family did. Ms. McMahon went on to state to plaintiff that failure to commit to relocating his family at the same time to a home would be a violation of plaintiff's relocation terms and seen as a voluntary resignation. Again, plaintiff provided his relocation plan and explained that an extremely challenging housing market existed. In response, Ms. McMahon stated that she would like plaintiff to submit his resignation by the following day so that they could quickly post for the position.

17. The following day, June 9, 2021, plaintiff received an email from Beth McMahon reminding him to submit his resignation. Plaintiff thereafter sent both Ms. McMahon and Ms. Cannon an email declining their demand to submit his resignation.

18. Two days later, on June 11, 2021, in a zoom meeting with Ms. McMahon and Ms. Cannon, they advised plaintiff that they don't care what he does with his family. Ms. McMahon went on to state that that Ms. Cannon was unhappy, so she was working with the Legal Department to put together a severance package.

19. On June 14, 2021, plaintiff contacted defendant Choice Hotel's Chief HR Officer, Patrick Cimerola, and advised him about the harassment that he had been receiving and that Ms. McMahon was making personal attacks against his character.

20. On June 17, plaintiff held a zoom meeting with Mr. Cimerola where he went over the facts with Mr. Cimerola taking notes. At the end of the Zoom session, Mr. Cimerola told him that they want to do the right thing for plaintiff and that he would be talking to the Legal Department.

21. On June 18, 2021, Mr. Cimerola followed up by communicating a two-month severance with plaintiff with his last day to be the end of the month of June 2021

22. By June 29, 2021, defendant Choice Hotels shut down plaintiff's work email account and ended his employment.

23. Mr. Dudhwala was not under any pending discipline or personal improvement plan at the time of his termination.

24. Since defendants terminated his employment, Mr. Dudhwala has remained unemployed and has sustained economic damages.

25. As a result of having to endure the stress and anxiety from being harassed and discriminated against due to prejudice and stereotyping due to his marital status, Mr. Dudhwala has suffered and continues to suffer from anxiety, humiliation, stress and depression.

26. Mr. Dudhwala is treating with a mental health provider for his emotional distress and depression. He will likely require treatment for the foreseeable future.

27. John Does I-X (fictitious names) are named herein to represent any persons, companies, corporations or other entities, other than the named defendants, who owned, operated, possessed, contracted, leased, maintained, supervised, inspected, controlled said premises and said business and had any management or ownership role as the employer of Plaintiff and had any supervisory role with respect to Plaintiff's job duties, benefits, salaries, and wages.

## FIRST COUNT
### "Violation of the New Jersey Law Against Discrimination – Disparate Treatment Based Upon Marital Status"

28. Plaintiff repeats and realleges each statement as set forth in the preceding paragraphs as if fully set forth herein.

29. The actions of defendants constitute unlawful discrimination on the basis of familial status in violation of the New Jersey Law Against Discrimination (NJLAD) N.J.S.A. 10:5-1 et seq.

30. Defendant, Choice Hotels, by its agents, servants and employees, engaged in stereotypical decision making with regard to plaintiff's marital status. It is improper under the NJLAD, since stereotypes are inaccurate and based on prejudicial thinking.

31. By its termination of plaintiff's employment, defendants discriminated against plaintiff based on familiar status, in violation of the New Jersey Law Against Discrimination.

32. As a direct and proximate result of the Defendants unlawful acts and practices, Plaintiff, Neerav Dudhwala, has suffered and continues to suffer substantial losses of income, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses.

WHEREFORE, Plaintiff, Neerav Dudhwala, demands entry of judgment in his favor and against Defendants for the following:

    a. Back pay;
    b. Front pay;
    c. Punitive damages;
    e. Reasonable attorney's fees and costs; and

6

f.   Such other relief as the Court may deem appropriate.

Fred Shahrooz Scampato, Esquire<br>
Attorneys for Plaintiff

DATED: January 19, 2022

*Fred Shahrooz Scampato, Esquire*

LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By: _____
Leslie A. Farber

Dated: January 19, 2022

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Demand is hereby made that Defendants disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of all a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, please attach a copy of each policy and declaration page or state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) whether the coverage is "claims made" or "accrual"; and (f) property damage limit.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the defendants shall refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end, Defendants shall not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data

compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

    A. Defendants shall stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

    B. Defendants shall not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter. The defendants should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

## DESIGNATION OF TRIAL COUNSEL

Fred Shahrooz Scampato, Esquire, and Leslie L. Farber, Esquire, are hereby designated as trial counsel in the above captioned matter.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. I further certify that I am aware of no other party who should be joined in this matter.

I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

                                    Fred Shahrooz Scampato, Esquire
                                    Attorneys for Plaintiff

DATED: January 19, 2022

                                    Fred Shahrooz Scampato, Esquire

LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By: _____
Leslie A. Farber

Dated: January 19, 2022

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues of liability and damages in this action.

Fred Shahrooz-Scampato, Esquire
Attorneys for Plaintiff

_____
Fred Shahrooz-Scampato, Esquire

DATED: January 19, 2022

LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By: _____
Leslie A. Farber

Dated: January 19, 2022

9

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-000114-22**

**Case Caption:** DUDHWALA NEERAV  VS CHOICE HOTELS INTERN ATIONAL
**Case Initiation Date:** 01/19/2022
**Attorney Name:** FRED S SHAHROOZ-SCAMPATO
**Firm Name:** FRED SHAHROOZ SCAMPATO
**Address:** 121 SOUTH EUCLID AVE 2ND FL WESTFIELD NJ 07090
**Phone:** 9083019095
**Name of Party:** PLAINTIFF : Dudhwala, Neerav
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Neerav Dudhwala?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/19/2022
Dated

/s/ FRED S SHAHROOZ-SCAMPATO
Signed

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN         NJ 07960
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    JANUARY 19, 2022
                         RE:      DUDHWALA NEERAV  VS CHOICE HOTELS INTERN ATIONAL
                         DOCKET:  MRS L -000114 22

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
 FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHAN C. HANSBURY

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
 AT:  (862) 397-5700 EXT 75347.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
 WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: FRED S. SHAHROOZ-SCAMPATO
                                    FRED SHAHROOZ SCAMPATO
                                    121 SOUTH EUCLID AVE
                                    2ND FL
                                    WESTFIELD        NJ 07090


 ECOURTS
```

**Leslie A. Farber, Esq.**
Attorney ID: 019041991
**LESLIE A. FARBER, LLC**
8 Hillside Avenue, Suite 103
Montclair, New Jersey 07042
Ph. (973) 707-3322
email: LFarber@LFarberLaw.com
Attorneys for Plaintiff

| | |
|---|---|
| **NEERAV DUDHWALA**, <br><br> *Plaintiff,* <br><br> v. <br><br> **CHOICE HOTELS INTERNATIONAL SERVICES CORPORATION D/B/A CHOICE HOTELS, et al**, <br><br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MORRIS COUNTY <br> DOCKET NO. MRS-L-000114-22 <br><br> CIVIL ACTION <br><br> **NOTICE OF APPEARANCE** |

**PLEASE TAKE NOTICE** that the undersigned hereby enters an appearance in the above-entitled action as co-counsel on behalf of the plaintiff.

                                      LESLIE A. FARBER, LLC
                                      Attorneys for Plaintiff

Dated: January 20, 2022        By:    Leslie A. Farber