IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEERAV DUDHWALA, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| CHOICE HOTELS INTERNATIONAL SERVICES CORPORATION D/B/A CHOICE HOTELS, and JOHN DOES I-X (being a number yet undetermined and being persons or corporations, whose identities are unknown), | : : : : : : : | CIVIL ACTION NO. 8:22-cv-02399-PX |
| *Defendants*. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHOICE HOTELS INTERNATIONAL SERVICES CORP.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Choice Hotels International Services Corp. (improperly pled as Choice Hotels International Services Corporation d/b/a Choice Hotels) ("Defendant"), by and through its counsel, Ballard Spahr LLP, respectfully submits the following Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff Neerav Dudhwala ("Plaintiff"), with prejudice. Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6).

**I.     INTRODUCTION**

Plaintiff's Complaint alleges Defendant terminated his employment based upon his familial status and, in doing so, discriminated against him in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* In support of this claim, Plaintiff appears to suggest that Defendant terminated his employment after he claimed to be unable to find permanent residence and move his family to the Rockville, Montgomery County, Maryland area

– where Defendant is headquartered and where the job that Plaintiff knowingly accepted was located. As more fully described below, Plaintiff's Complaint should be dismissed under Federal Rule 12(b)(6) because it fails to state a claim as to its one and only count.

First and foremost, Plaintiff fails to plead a cause of action under the law applicable to his claim – the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601 *et seq*. Rather, Plaintiff asserts a claim under the NJLAD, which does not apply. Plaintiff was an employee of Defendant, a Maryland employer, and was hired into a position that was located in Maryland. Plaintiff has not alleged that he was employed in New Jersey. Further, Plaintiff has not pled that any discriminatory conduct took place in New Jersey. The location of Plaintiff's employment – here, Maryland – governs the law under which he can sue for discrimination. *Lewis-Davis v. Bd. of Educ*., Civil Action No. ELH-20-0423, 2021 U.S. Dist. LEXIS 197248, at *53 (D. Md. Oct. 13, 2021) (finding Maryland state law applies to claims premised on "events that occurred in Maryland"). Clearly recognizing that Maryland law, and not New Jersey law, governed his claim, Plaintiff filed an administrative charge with the Maryland Commission on Civil Rights on March 29, 2022, wherein he alleged the very same claim he presents to this Court. Accordingly, because Maryland law applies, Plaintiff cannot maintain any claim under the NJLAD.

Finally, Defendant respectfully contends that any amendment of Plaintiff's Complaint would be futile, and should not be permitted by this Court. For these and other reasons discussed below, the Complaint should be dismissed.

## II.     PROCEDURAL HISTORY

Plaintiff filed his Complaint in the Superior Court of New Jersey, Law Division, Morris County, on January 19, 2022. Defendant was served with the Complaint on January 26, 2022. Thereafter, on February 17, 2022, Defendant timely removed the action to the United States

District Court for the District of New Jersey based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

On March 10, 2022, Defendant filed its Motion to Dismiss Plaintiff's Complaint, with prejudice, seeking dismissal under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). After being served with Defendant's Motion to Dismiss, Plaintiff, on March 29, 2022, dual filed a Charge of Discrimination with the Maryland Commission for Civil Rights (MCCR) and the Equal Employment Opportunity Commission (EEOC).

Thereafter, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss on April 4, 2022. Defendant filed a Reply brief on April 11, 2022. On September 19, 2022, the Honorable Evelyn Padin, U.S.D.J., granted Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(2). Finding no personal jurisdiction over Defendant in New Jersey, Judge Padin declined to rule on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and instead transferred this matter to the United States District Court for the District of Maryland.

### III.   FACTUAL ALLEGATIONS[1]

Defendant hired Plaintiff as "Head of Ascend Collection, Director," on October 12, 2020. (Compl. ¶ 3). In that capacity, Plaintiff's job duties included, among other things, developing plans to grow the number of hotels in the United States and the Caribbean. (Compl. ¶ 4). As a condition of Plaintiff's employment, Defendant required Plaintiff to relocate to Rockville, Maryland by August 31, 2021. (Compl. ¶ 7).

Approximately six months into Plaintiff's employment, his supervisor, Janis Cannon, inquired about the status of Plaintiff's relocation to Maryland. (Compl. ¶ 8). Plaintiff alleges he

---

[1]   Defendant accepts as true the factual allegations of Complaint solely for the purposes of this Motion to Dismiss.

responded by stating he had not yet relocated and was "still looking" for an affordable home in the area to fit his family of four. (Compl. ¶ 9). He alleges further that he advised he was "on target" to relocate by August 31, 2021 and that his family could "possibly" move at a later date. (Compl. ¶¶ 9, 10).

Rightfully concerned about Plaintiff's commitment to his position with the company, Defendant hosted meetings with Plaintiff to discuss his plans and timeline for relocation as required by his offer of employment. (Compl. ¶¶ 10-13). During these meetings, Plaintiff was unable to commit to relocating his family to Maryland, but agreed to find temporary space for himself. (Compl. ¶ 11). Defendant's Human Resources Director Beth McMahon advised Plaintiff of her concern that relocating without his family would violate his agreement to relocate, which was part of Plaintiff's acceptance of employment, and that she intended to seek advice from Defendant's legal department. (*Id.*)

On May 13, 2021, Plaintiff encountered Ms. Cannon while working from Defendant's office in Rockville, Maryland. (Compl. ¶ 12). Ms. Cannon again advised Plaintiff of his requirement to relocate to Maryland and her concern about Plaintiff's commitment to the company. (Compl. ¶ 12). On June 8, 2021, Plaintiff attended a meeting with Ms. Cannon and Ms. McMahon at Defendant's office in Maryland. (Compl. ¶ 16). During this meeting, Ms. McMahon advised that the company was willing to offer Plaintiff a one-month extension to relocate to Maryland in order to provide Plaintiff with additional time to find a home that could accommodate his entire family. (Compl. ¶ 16). Ms. McMahon also again advised Plaintiff of the company's concern with his level of commitment to his new position because of his failure to commit to relocating his family to Maryland within the originally agreed upon timeframe. (*Id.*) Again, Plaintiff alleges that he provided his relocation "plan" and explained that an extremely challenging housing market

existed. (*Id.*). Thereafter, on June 11, 2021, Plaintiff acknowledged that Ms. McMahon and Ms. Cannon had advised him that Defendant would not require Plaintiff's family to move to Maryland with Plaintiff. (Compl. ¶ 18).

Plaintiff alleges that Defendant terminated his employment on June 18, 2021, effective at the end of June 2021. (Compl. ¶ 21).

IV.   **LEGAL ARGUMENT**

    A.   Standard of Review

To survive a motion to dismiss, a complaint must allege facts that demonstrate a facially plausible right to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Detailed factual allegations are not required, but there must be more than mere labels, conclusions (legal or factual), or formulaic recitations of the elements of a cause of action. *Nemet Chevrolet, Ltd.. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Stanley v. Babu*, 448 F. Supp. 3d 497, 504 (D. Md. 2020) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted)). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106

S. Ct. 2932(1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *Stanley*, 448 F. Supp. 3d at 504-05.

The Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

  B. <u>Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

    1. *Maryland's Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601 et seq., Applies to Plaintiff's Claims, Yet Plaintiff Has Failed to Plead a Cause of Action Under the Law*

Under the facts alleged, there can be no question that Maryland's anti-discrimination law – the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601 *et seq*. – governs the conduct alleged in Plaintiff's Complaint, not the NJLAD.

"[A] federal court sitting in diversity jurisdiction must apply the choice-of-law rules of the forum state." *Motor Club of Am. Ins. Co. v. Hanifi*, 145 F.3d 170, 177 (4th Cir.), *cert. denied*, 525 U.S. 1001 (1998). As a general rule, Maryland follows the rule of *lex loci delicti*, i.e., the law of the "place of the alleged harm." *Proctor v. Wash. Metro. Area Transit Auth.*, 412 Md. 691, 726, 990 A.2d 1048, 1068 (2010). Thus, this Court must apply Maryland law with respect to Plaintiff's claims of employment discrimination. *See Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) ("[b]ecause we sit in diversity in this case, we must apply the substantive law of the forum state including its choice of law rules.").

Here, the alleged discriminatory conduct causing Plaintiff's alleged injuries occurred in Maryland. (Compl. ¶¶ 8-22). Significantly, and in at least tacit acknowledgment of this fact,

Plaintiff does not allege that any discriminatory acts occurred in New Jersey. Moreover, Plaintiff agreed to relocate to Maryland when he accepted Defendant's offer of employment, as the same was a condition of his employment with the company. (Compl. ¶ 7). The work Plaintiff performed for Defendant was neither centered around nor connected to the State of New Jersey. (Compl. ¶ 4). It is undisputed that Defendant is headquartered in Rockville, Maryland. There can be no question that the relationship between Plaintiff and Defendant is centered on Rockville, Maryland. In fact, the entire basis for Plaintiff's Complaint stems from Defendant's requirement that Plaintiff relocate to Maryland as a condition of his employment.[2]

Nevertheless, Plaintiff has not plead any cause of action under the MFEPA in the instant case. Accordingly, his Complaint should be dismissed with prejudice.[3]

> 2. *The New Jersey Law Against Discrimination (NJLAD) Does Not Apply to Plaintiff's Claims*

For the reasons stated above, this Court should dismiss Plaintiff's Complaint in its entirety because the first and only Count of Plaintiff's Complaint is captioned as a cause of action against Defendant for marital status discrimination under New Jersey law, which is inapplicable to Plaintiff's claims.

---

[2] This is further evidenced by the fact that Plaintiff dual filed a Charge of Discrimination with the Maryland Commission on Civil Rights and the Equal Employment Opportunity Commission.

[3] Plaintiff's Complaint should also be dismissed because of his failure to plead any facts sufficient to establish the exhaustion of his administrative remedies under Maryland law. If timely raised by the defendant, failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules. *Spell v. Wright*, No. RDB-19-722, 2020 U.S. Dist. LEXIS 8061, at *5 (D. Md. Jan. 16, 2020); *see generally Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1844 (2019). Plaintiff has not plead any facts to support the exhaustion of his administrative remedies and, as of the filing of this Motion, neither the EEOC nor the MCCR have issued notice of Plaintiff's right to sue to the parties. For these reasons, Plaintiff's Complaint should be dismissed.

Both state and federal courts have historically dismissed NJLAD claims where the plaintiff was not employed in New Jersey. *See*, *e.g.*, *Wilson v. Chase*, Civil Action No. 18-13789 (JMV) (JBC), 2019 U.S. Dist. LEXIS 146991, at *14 (D.N.J. Aug. 28, 2019) ("[T]he Court finds that Plaintiff's claims may not be brought under the LAD, as Plaintiff worked exclusively in New York."); *Marinac v. Mondelez Int'l, Inc.*, No. 2:14-7606-WJM-MF, 2019 U.S. Dist. LEXIS 117743, at *6 (D.N.J. July 12, 2019) ("Even if Defendants' decision to investigate Plaintiff occurred in New Jersey, that action alone does not support an NJLAD claim for a New York employee employed in New York."); *McGovern v. Sw. Airlines*, Civil Action No. 12-3579 (JBS/KMW), 2013 U.S. Dist. LEXIS 3095, at *1 (D.N.J. Jan. 8, 2013) (dismissing the plaintiff's NJLAD claims as inapplicable because the New Jersey resident-plaintiff was exclusively employed in Pennsylvania, not New Jersey); *Archut v. Ross Univ. Sch. of Veterinary Med.*, No. 10-1681 (MLC), 2012 U.S. Dist. LEXIS 164960, at *34 (D.N.J. Nov. 19, 2012) ("New Jersey courts have consistently applied the NJLAD only if the claimant was discriminated against during employment in the state.") (citing *Satz v. Taipina,* No. 01-5921 (JBS), 2003 U.S. Dist. LEXIS 27237, at *46 (D.N.J. Apr. 15, 2003) ("New Jersey courts have consistently applied the law of the state of employment to workplace claims and have therefore only applied the NJLAD if the plaintiff worked in New Jersey."), *aff'd*, 122 Fed. Appx. 598 (3d Cir. 2005)); *Diana v. AEX Grp.*, Civil Action No. 11-1838 (PGS), 2011 U.S. Dist. LEXIS 100928, at *6 (D.N.J. Sep. 1, 2011) ("New Jersey courts have consistently applied the law of the State where employment occurred to claims of workplace discrimination; more specifically, New Jersey courts have only applied the NJLAD if the plaintiff was employed in New Jersey."); *Brunner v. AlliedSignal, Inc.*, 198 F.R.D. 612, 613-14 (D.N.J. 2001) (the NJLAD does not apply to claims brought by a New Jersey resident against a New Jersey company when claimant was employed exclusively in Pennsylvania);

*Buccilli v. Timby, Brown & Timby*, 660 A.2d 1261 (App. Div. 1995) (a New Jersey resident, employed in Pennsylvania, could not assert a claim under the NJLAD against a law firm even though it had offices in New Jersey).

In matters involving claims of employment discrimination under the NJLAD against out-of-state employers, New Jersey courts have engaged in a similar line of reasoning; namely, that subjecting an employer to different legal requirements because its employees reside in different states would be patently imbalanced. *See Weinberg v. Interep Corp.*, No. 05-5458 (JBS), 2006 U.S. Dist. LEXIS 23746, at *19 (D.N.J. Apr. 26, 2006). Applying the law of the state of employment is to protect employers from the potential unfairness of having to comply with several different legal regimes merely because they may have employees that reside in different states. *See Buccilli*, 660 A.2d at 1264 (noting that "making the rights of each of several co-workers dependent on his or her state of residence would be an entirely unreasonable result"). Significantly, "[l]ooking to the state of employment ensures that the law in the jurisdiction with the strongest interest in the outcome of the litigation controls." *Weinberg*, 2006 U.S. Dist. LEXIS 23746, at *22.

Again, Plaintiff has not pled that he was employed in New Jersey. In fact, the entire basis of Plaintiff's claim is that he was required to relocate to Maryland as a condition of his offer of employment with Defendant. Moreover, Defendant is a Maryland employer, with its principal place of business and headquarters based in Rockville, Maryland. Plaintiff's work was based in Maryland and his supervisor was based in Maryland. For these reasons, Plaintiff's Complaint asserting a claim under the NJLAD should be dismissed with prejudice.

### 3. *Familial Status is Not a Protected Classification Under the NJLAD's Employment Provision*

Even if this Court were to apply New Jersey law to Plaintiff's claims, Plaintiff's claim fails as a matter of law because familial status is not a protected category under the NJLAD's employment provisions. Thus, even accepting Plaintiff's allegations as true, he is not entitled to relief under the law.

Despite the caption of Plaintiff's sole cause of action – "martial status" discrimination – the substantive allegations within the Count allege, "the actions of defendants constitute unlawful discrimination on the basis of **familial status** in violation of the [NJLAD]" and that, "by termination of plaintiff's employment, [Defendant] discriminated against plaintiff based on **familiar** [sic] **status**." (Compl. ¶ 29, 31) (emphasis added). Indeed, the words "wife" or "spouse" do not appear anywhere in Plaintiff's complaint.

"With respect to employment practices, § 10:5-12(a) [of the NJLAD] prohibits an employer from basing decisions on a host of suspect characteristics." *Iovanella v. Genentech, Inc.*, 452 Fed. Appx. 85, 87 (3d Cir. Nov. 21, 2011). "Notably absent from the list of protected classifications, however, is familial status. The inclusion of familial status as a prohibited basis for housing-related decisions in other portions of § 10:5-12, and the state legislature's failure to add it to § 10:5-12(a) despite amending the sub-section four times, cautions against now inferring" the recognition of such a claim. *Id.*; *see also Cioni v. Globe Specialty Metals, Inc.*, Civil Action No. 10-cv-01388 (DMC)(JAD), 2013 U.S. Dist. LEXIS 62045 (D.N.J. Apr. 30, 2013) (dismissing in its entirety the plaintiff's claim that his employment was terminated in violation of the NJLAD

based on his familial status because it is not a protected classification for purposes of employment discrimination claims).[4]

Thus, it is clear that the term familial status plays "no role in the statutory definition of an unlawful employment practice" and cannot be the basis for an unlawful discrimination claim under the NJLAD.  *Cioni*, 2013 U.S. Dist. LEXIS 62045, at *6 (quoting *Bumbaca v. Twp. of Edison*, 373 N.J. Super. 239, 248-49 (App. Div. 2004), *certif. denied*, 182 N.J. 630 (2005)).  Here, Plaintiff cannot state a claim upon which relief can be granted under the NJLAD because he is not a member of a protected class based on his familial status.  Even assuming for the purposes of this motion that Plaintiff's allegations are true, it would make no difference.  A motion brought under Fed. R. Civ. P. 12(b)(6) must be granted where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Doe v. Div. of Youth*, 148 F. Supp. 2d at 481.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

    C.    <u>Plaintiff Should Not be Permitted to Amend his Complaint Because an Amendment Would be Futile</u>

        *1.*    *Standard for Leave to Amend Under Fed. R. Civ. P. 15*

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given when justice so requires.  *Red Bird Egg Farms, Inc. v. Pa. Mfrs. Indem. Co.*, 15 F. App'x 149, 154 (4th Cir. 2001) (citing *Ward Electronics Service v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).  Generally, the plaintiff should be afforded the opportunity to amend or dismissal should

---

[4] The NJLAD specifies that it is unlawful for employers to discriminate "because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, pregnancy or breastfeeding, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer." N.J. Stat. § 10:5-12(a)

be without prejudice. *Smallwood v. Nationstar Mortg., LLC*, Civil Action No. PX-16-4008, 2017 U.S. Dist. LEXIS 209854, at *24-25 (D. Md. Dec. 21, 2017) (citing *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("[w]here no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same)).

However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Smallwood*, 2017 U.S. Dist. LEXIS 209854, at *24-25 (D. Md. Dec. 21, 2017) (quoting *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013)).  Where an amended pleading would be futile, that is sufficient ground to deny leave to amend.  *See Briscoe v. W.A. Chester, L.L.C.*, No. GJH-17-1675, 2018 U.S. Dist. LEXIS 197423, at *3 (D. Md. Nov. 20, 2018) (citing *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 266-67 (4th Cir. 2016) (finding an amendment to a complaint to be futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6))).

> 2. *Any Amendment Would Be Futile Because Familial Status is Not Protected by the Employment Provisions of Maryland's Anti-Discrimination Law, and Plaintiff Cannot Plead Any Facts to Support a Claim of Marital Discrimination*

The MFEPA seeks to assure "all persons equal opportunity in receiving employment … regardless of **race, color, religion, ancestry or national origin, sex, age, marital status, sexual orientation, gender identity, or disability**." Md. Code Ann., State Gov't § 20-602.  Moreover, MFEPA deems it an "unlawful employment practice" to discriminate against any individual "because of the individual's **race, color, religion, sex, age, national origin, marital status, sexual orientation, gender identity, genetic information, or disability** unrelated in nature and extent so as to reasonably preclude the performance of the employment."  Md. Code Ann., State Gov't § 20-606(a)(1)(i).

The unambiguous language of the statute makes clear that "familial status" is not a protected classification under the MFEPA. Accordingly, even if Plaintiff were to amend his Complaint to allege a claim of discrimination under the MFEPA, any such claim based upon Plaintiff's "familial status" fails as a matter of law.

To the extent Plaintiff bases his claim in "marital status" discrimination, his claim also fails because Plaintiff cannot plead any facts to establish Defendant discriminated against him "because of" his marital status. Md. Code Ann., State Gov't § 20-606(a)(1)(i). Although the Maryland State Code has not defined "marital status" within the context of employment discrimination, the Code has defined "marital status" in the context of housing discrimination: "the state of being single, married, separated, divorced, or widowed." Md. Code Ann., State Gov't § 20-701(h). Here, Plaintiff has not, and cannot, plead any facts to support a claim that Defendant discriminated against him because of his "state of being…married." *Id.*

Moreover, and significantly, Plaintiff has already admitted that Defendant advised him, prior to his resignation, that "they [didn't] care what he [did] with his family." (Compl. ¶ 18). To the extent Plaintiff argues his "failure to commit to relocating his family" forms the basis for his claim of discrimination, Plaintiff has already admitted Defendant ultimately made no such requirement of him. Plaintiff cannot credibly amend his Complaint to exclude this key admission.

Accordingly, this Court should dismiss Plaintiff's Complaint with prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

Date: October 3, 2022

*/s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
**BALLARD SPAHR LLP**
111 S. Calvert Street, 27th Floor
Baltimore, MD  21202
Phone:  (410) 528-5600
Facsimile:  (410) 528-5650
mcgeoghm@ballardspahr.com


Louis L. Chodoff (*pro hac vice pending*)
Monica T. Nugent (*pro hac vice pending*)
**BALLARD SPAHR LLP**
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
Phone:  (856) 761-3400
Facsimile:  (856) 761-1020
chodoffl@ballardspahr.com
nugentm@ballardspahr.com

*Attorneys for Defendant Choice Hotels International Services Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion to Dismiss Plaintiff's Complaint* has been electronically served on the following counsel via CM/ECF and electronic mail:

Fred Shahrooz Scampato, Esq.
Law Offices of Shahrooz Scampato, P.C.
445 East Broad Street
Westfield, NJ 07090

Leslie A. Farber, Esq.
Leslie A. Farber, LLC
8 Hillside Avenue, Suite 103
Montclair, NJ 07042

Date:  October 3, 2022

*/s/ Michelle M. McGeogh*
Michelle M. McGeogh (USDC Bar No. 28778)
**BALLARD SPAHR LLP**
111 S. Calvert Street, 27th Floor
Baltimore, MD  21202
Phone:  (410) 528-5600
Facsimile:  (410) 528-5650
mcgeoghm@ballardspahr.com

*Attorney for Defendant Choice Hotels International Services Corp*