UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **NEERAV DUDHWALA**,<br>19 North Shore Lake Drive, Apt. 206<br>Rockaway, NJ 07866<br><div align="right">*Plaintiff,*</div><br>v.<br><br>**CHOICE HOTELS INTERNATIONAL<br>SERVICES CORPORATION D/B/A<br>CHOICE HOTELS,**<br>1 Choice Hotels Circle<br>Rockville, MD 20850<br>**and JOHN DOES I - X (being a number yet<br>undetermined and being persons or<br>corporations, whose identities are<br>unknown),**<br><div align="right">*Defendants.*</div> | CIVIL ACTION NO. 8:22-cv-02399-PX<br><br>**AMENDED<br>COMPLAINT<br>AND<br>JURY DEMAND** |

**COMPLAINT**

COMES NOW Plaintiff Neerav Dudhwala before this Honorable Court and sues Defendants Choice Hotels International Corporation, and John Does I - X (being a number yet undetermined and being persons or corporations, whose identities are unknown), for claims of discrimination, wrongful termination, as outlined below, pursuant to the Maryland Human Rights Act, MD Code SG § 20-601 et seq., the New Jersey Law Against Discrimination ("NJ LAD"), N.J.S.A. 10:5-1 et seq., and/or the common law of New Jersey and/or Maryland.

**JURISDICTION AND VENUE**

1.      This Court has Diversity Jurisdiction of the above matter pursuant to 28 U.S.C. § 1332(a)(1) in that diversity exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.      All events described hereunder occurred within the judicial district of New Jersey and/or Maryland and venue accordingly lies in this Court.

3.     This Court has supplemental jurisdiction over the New Jersey and Maryland state law claims pursuant to 28 U.S.C. § 1367(a).

<div align="center">

**THE PARTIES**

</div>

4.     Defendant Choice Hotels International Services Corporation ("Choice Hotels"), is a Maryland for-profit corporation that is duly registered to do business in Maryland with its headquarters located at 1 Choice Hotels Circle, Rockville, Maryland.  The company is engaged in the hospitality industry throughout the United States and globally.

5.     Upon information and belief, Choice Hotels had in excess of 500 employees during all times relevant to the claims in the Complaint and in each of the 20 calendar weeks in the current or preceding year.

6.     At all times material to this action, Defendant was an "employer" and the Plaintiff's "employer" within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5(e), Md. Code Ann. SG § 20-601(d)(1), and Md. Code Ann., Lab. & Empl., §§ 3-101(c), 3-401(b) and 3-501(b).

7.     Plaintiff is a New Jersey resident and citizen residing at 19 North Shore Lake Drive, Apartment 206, Rockaway, New Jersey 07866, and was from on or about October 12, 2020, until on or about June 29, 2021, employed by Defendant, Choice Hotels, as Choice Hotels' Head of the Ascend Hotel Collection.

8.     At all times material to this action, Plaintiff was an "employee" and in the "employ" of Defendant within the meaning of N.J.S.A. 10:5-1 et seq., MD Code SG § 20-601(c)(1), Md. Code Ann., Lab. & Empl., §§ 3-101(c), 3-401, *et seq.* and 3-501, *et seq*.

<div align="center">

**EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELY FILING**

</div>

9.     In response to conditions of marital status discrimination at Choice Hotels and his ultimate termination by Choice Hotels as a result of this discrimination, Mr. Dudhwala filed a

timely complaint with the Maryland Commission on Civil Rights ("MCCR") on or about March 29, 2022; under charge number MCCR 12F-2022-00451. More than 180 days have elapsed since filing the above charge. Despite the form of charge used by the MCCR, it is unknown whether a corresponding complaint was filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Despite the lack of any federal employment claims herein, Plaintiff has nonetheless requested a Notice of Right to Sue letter from the EEOC in the event a complaint/charge was filed there. Plaintiff has complied with all administrative conditions precedent to filing this action.

## FACTS COMMON TO ALL COUNTS

10.     On October 12, 2020, Mr. Neerav Dudhwala ("Dudhwala") was hired by Choice Hotels and supervised by Janis Cannon, Senior Vice President, Cambria & Descend, for the position of Head of Ascend Collection, Director. His start date was November 2, 2020. See attached Offer Letter, a true copy of which is annexed hereto as "Exhibit A."

11.     In its job offer letter of October 12, 2020, Defendant offered Plaintiff a job as Head of Ascend Collection, Director, in the Upscale Brands department, with an annual base salary of $165,000.00, along with other financial and non-financial incentives and benefits. The job was subject to conditions that (1) Plaintiff sign the offer letter; (2) Defendant's verification of information provided on Plaintiff's resume, application, and in the interview process; (3) Plaintiff be lawfully authorized to work in U.S.; and (4) Plaintiff relocate to the Rockville, Maryland, area before August 31, 2021. No mention was made in the offer letter that Plaintiff's wife and/or family members were required to relocate to the Rockville, Maryland, area.

12.     Plaintiff complied with all conditions of Defendant's offer letter and informed Defendant he was ready, willing and able to relocate to the Rockville, Maryland, area before

August 31, 2021.  Plaintiff would have done so had Defendants not fired him on or about June 29, 2021.

13.     Plaintiff's job duties as Head of Ascend Hotel Collection included developing plans to grow the number of hotels in the US/Caribbean via the Openings Process and Franchise Development team; developing plans to grow revenue and quality performance of existing hotels in the system; manage relationship wing the Franchise Advisory Board; help create content and speak at Ascend/Upscale meetings within the organization and with franchisees; represent the Ascend Brand in the Choice matrix, from Finance, Quality,  Technology Systems, Franchise Services, Openings, Franchise Development, Sourcing, etc.; develop an overall Long Term Strategy as growth of the Ascend Brand was a key pillar of over Choice Hotels Goals.

14.     Mr. Dudhwala was compensated for his position with a salary of approximately $165,000.00/year, a management incentive plan, and other fringe benefits.

15.     Throughout Plaintiff's employment, Mr. Dudhwala always met the reasonable expectations of his employer.  He had never been disciplined and was considered a valuable employee.

16.     On or about April 13, 2021, Plaintiff's supervisor, Janis Cannon, asked him how his relocation was going.

17.     Plaintiff responded by stating that Rockville, Maryland, had a difficult housing market and that he was still looking for both an affordable house on the market and one which would adequately fit a family of four.  He also advised Ms. Cannon that he was still on target to relocate by August 31, 2021, by renting space from his sister.  He advised that his wife and family could possibly move at a later date.  Ms. Cannon expressed concern that he was not moving the family and was, therefore, violating the term of his offer letter.  She advised that she would have Human Resources set up a call with him to discuss his relocation.

4

18.     On May 7, 2021, Plaintiff attended a Zoom video meeting with Human Resources Director, Beth McMahon.  Plaintiff relayed his relocation plan of establishing nearby residence by renting space from his sister who lived 20 miles away in Virginia.

19.     Beth McMahon expressed concern that Plaintiff was violating the relocation terms of his offer letter as his family was also required to relocate by August 31.  During the meeting Ms. McMahon asked him how long it would take to relocate his family.  He replied that he was unsure with the present housing market but that he would personally be relocating by the August 31, 2021, date.  Ms. McMahon advised him that she would touch base with the legal department and follow up with him.

20.     On or about May 13, 2021, Plaintiff encountered Janis Cannon at Defendant's Rockville, Maryland, location.  Ms. Cannon expressed her irritation because Plaintiff had not sought permission to rent from his sister and have his family move at a later date.  She communicated to him that he was doing a great job and that he was a perfect fit for his position, but because of his failure to relocate his family, she was concerned about his commitment to the company.  She said she would set up a Zoom call between herself, Plaintiff, and Beth McMahon from HR.

21.     On May 20, 2021, Plaintiff, Ms. Cannon, and HR Director Beth McMahon held a Zoom meeting.  During that meeting, Ms. McMahon stated that Plaintiff's relocation plan did not meet the terms of the offer letter.  Plaintiff contended otherwise and noted that the offer letter made no mention of his family and only stated that he was required to relocate to the area.  Ms. Cannon and Ms. McMahon both responded by stating that they questioned Plaintiff's commitment to the company.

22.     In June of 2021, Defendant Choice Hotels introduced a company hybrid office model which allowed some weeks where employees could work remotely from home.  This

5

program was for employees who were already based in Rockville, Maryland. As Plaintiff's relocation date was not until the end of August, Plaintiff's presence in the office during this time was a further example of his commitment to the company and demonstrated that he was actively seeking ways to accommodate his employer.

23.     Plaintiff set up a Zoom meeting for June 4, 2021, with his supervisor Janis Cannon to discuss the summer office schedule. To his surprise, Ms. Cannon was unhappy that Plaintiff was only going to be in the office for three (3) of the first five (5) weeks, even though the purpose of this model was to allow employees to work remotely. She continued to express concerns about Plaintiff's commitment to work for the company.

24.     On June 8, 2021, Plaintiff attended an in-person meeting with Janis Cannon and Beth McMahon. HR director McMahon started the conversation by stating that Plaintiff was doing great work in his position and that they wanted to work with him by offering him another month extension to relocate. However, it would be necessary for him to relocate his entire family to Maryland with him at the same time. Ms. McMahon went on to state to Plaintiff that his failure to commit to relocating his family at the same time to a home would be a violation of his relocation terms and would be seen by Choice Hotels as a voluntary resignation. Again, Plaintiff provided his relocation plan and explained that an extremely challenging housing market existed. In response, Ms. McMahon stated that she would like Plaintiff to submit his resignation by the following day so that they could quickly post for his position.

25.     The following day, June 9, 2021, Plaintiff received an email from Beth McMahon reminding him to submit his resignation. Plaintiff thereafter sent both Ms. McMahon and Ms. Cannon an email declining their demand to submit his resignation.

26.     Two days later, on June 11, 2021, in a Zoom meeting with Ms. McMahon and Ms. Cannon, they advised Plaintiff that they did not care what he did with his family. Ms. McMahon

went on to state that that Ms. Cannon was unhappy, so she was working with the Legal Department to put together a severance package.

27.     On June 14, 2021, Plaintiff contacted Defendant's Chief HR Officer, Patrick Cimerola, and advised him about the harassment that he had been receiving and that Ms. McMahon was making personal attacks against his character.

28.     On June 17, 2021, Plaintiff held a Zoom meeting with Mr. Cimerola where he detailed the factual basis for his complaint, with Mr. Cimerola taking notes.  At the end of the Zoom session, Mr. Cimerola told him that Defendant wanted to do the right thing for Plaintiff and that he would be talking to the Legal Department.

29.     On June 18, 2021, Mr. Cimerola presented Plaintiff with a two-month severance package and advised Plaintiff that his last day of employment would be the end of the month of June 2021.

30.     By June 29, 2021, Defendant Choice Hotels shut down Plaintiff's work email account and ended his employment.

31.     Mr. Dudhwala was not under any pending discipline or personal improvement plan at the time of his termination.

32.     Since Defendant terminated his employment, Mr. Dudhwala has remained unemployed and has sustained, and continues to sustain, economic damages.

33.     As a result of having to endure the stress and anxiety from being harassed and discriminated against due to Defendant's prejudice and stereotyping because of his marital status, Mr. Dudhwala has suffered and continues to suffer from anxiety, humiliation, stress and depression.

34.      Mr. Dudhwala is treating with a mental health provider for his emotional distress and depression.  He will likely require treatment for the foreseeable future.

35.     John Does I-X (fictitious names) are named herein to represent any persons, companies, corporations or other entities, other than the named defendants, who owned, operated, possessed, contracted, leased, maintained, supervised, inspected, controlled said premises and said business and had any management or ownership role as the employer of Plaintiff and had any supervisory role with respect to Plaintiff's job duties, benefits, salaries, and wages.

### FIRST COUNT
New Jersey Law Against Discrimination – Discrimination Based
Upon Marital Status

36.     Plaintiff repeats and realleges each statement as set forth in the preceding paragraphs as if fully set forth herein.

37.     Plaintiff is a person as defined by the New Jersey Law Against Discrimination, N.J.S.A. 10:5 1 et seq.

38.      Defendants are employers as defined by the New Jersey Law Against Discrimination, N.J.S.A. 10:5 1 et seq.

39.     The actions of Defendant constitutes unlawful discrimination on the basis of marital status in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et seq.

40.     Defendant Choice Hotels by its agents, servants and employees, engaged in stereotypical decision-making with regard to Plaintiff's marital status in violation of the NJLAD.

41.     By its termination of Plaintiff's employment, Defendant discriminated against Plaintiff based on his marital status, in violation of the New Jersey Law Against Discrimination.

42.     As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff Neerav Dudhwala has suffered and continues to suffer substantial losses of income, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses.

8

WHEREFORE, Plaintiff Neerav Dudhwala demands entry of judgment in his favor and against Defendant for the following:

a.     Back pay;
b.     Front pay;
c.     Punitive damages;
d.     Reasonable attorney's fees and costs; and
f.     Such other relief as the Court may deem appropriate.

### SECOND COUNT
Discrimination - Maryland Fair Employment Practices Act ("FEPA")

43.     Plaintiff repeats and incorporates the preceding paragraphs as if more fully set forth herein.

44.     Choice Hotels and its employees/agents were each an "employer" under Md. Code Ann. SG § 20-601(d)(1).

45.     Plaintiff was an employee of Defendants under Md. Code Ann. SG § 20-601(c)(1).

46.     Choice Hotels discriminated against Mr. Dudhwala by retroactively imposing new employment conditions and terminating him because of his marital status.

47.     Choice Hotels and its employees/agents discriminated against Mr. Dudhwala by arbitrarily refusing to consider and respond to Mr. Dudhwala's claims of disparate treatment within the scope of their duties, and ultimately by firing Mr. Dudhwala in violation of Maryland law, Md. Code Ann. SG § 20-606(a).

48.     As a result of this illegal conduct, Mr. Dudhwala suffered damage to his past and future income and benefits, humiliation, embarrassment and interference with his ability to perform his professional duties effectively.

WHEREFORE, Plaintiff respectfully demands a judgment against Defendants for:

a.  back pay in an amount to be determined and in an amount no less than the current damages estimated to be Two Hundred Fifty Thousand Dollars ($250,000.00), pursuant to Md. Code Ann. SG §§ 20-1009(b) and 20-1013;

b.  compensatory damages for front pay, loss of dignity, humiliation and outrage in the amount of Five Hundred Thousand Dollars ($500,00000) pursuant to Md. Code Ann. SG §§ 20-1009 (b)(1)(iii), 20-1009(b)(3) and 20-1013; punitive damages as allowed by law;

c.  front pay in the amount of Five Hundred Thousand Dollars ($500,000.00) or such lesser amount approved by law, pursuant to Md. Code Ann. SG §§ 20-1009(b)(1);

d.  court costs, expert witness costs and an attorney fee award no less than reasonable and consistent with Md. Code Ann.§ 20-1015; and

e.  such other relief as justice and good order may demand, pursuant to Md. Code Ann. SG § 20-1009(b)(1)(iv).

## JURY DEMAND

49.  Pursuant to Fed. R. Civ. Proc. 38, Plaintiff requests that all of Plaintiff's triable claims be tried before a jury.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

VIRTUE LAW GROUP
Attorneys for Plaintiff

/s/ Robert Baldwin III

Dated: September 24, 2023        By:    Robert Baldwin III (Bar # 20793)
1250 Connecticut Ave, Ste 700
Washington, DC 20036
Ph. (301) 821-6407
Email: Robert@virtuelawgroup.com

LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By:    /s/ Leslie A. Farber
Dated: September 24, 2023                          Leslie A. Farber, Esq.
105 Grove Street, Suite 1
Montclair, NJ 07042
Ph. (973) 707-3322
Email: LFarber@LFarberLaw.com
*Pro hac vice*

THE LAW OFFICE OF RACHEL B.
 DRAKE
Attorneys for Plaintiff

Dated: September 24, 2023                          /s/ Rachel B. Drake
Rachel B. Drake, Esq.
121 S. Euclid Avenue, 2nd Floor
Westfield, NJ 07090
Ph. (908) 389-1100
Email: RDrakeLaw@gmail.com
*Pro hac vice application pending*

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that Defendants shall refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers.  To that end, Defendants shall not initiate any procedures which would alter any active, deleted, or fragmented files.  Such procedures may include, but are not limited to, storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

A.  Defendants shall stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data.  Backup tapes and disks shall be

pulled from their rotation queues and be replaced with new tapes.

      B.  Defendants shall not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter.  Defendants shall not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

                               LESLIE A. FARBER, LLC
                               Attorneys for Plaintiff

                 By:    /s/ Leslie A. Farber
Dated: September 24, 2023            Leslie A. Farber